# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DONALD L. ROGERS, SR.,**
**Claimant Below, Petitioner**

**vs.)   No. 21-0409** (BOR Appeal No. 2055941)
                        (Claim No. 2019011703)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald L. Rogers, Sr., by Counsel J. Thomas Greene, Jr. and T. Colin Greene, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator entered an Order dated May 29, 2019, finding Mr. Rogers fully compensated with a prior 10% permanent partial disability award due to occupational pneumoconiosis. On November 12, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated April 22, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

---

[1] Murray American Energy, Inc., did not file a response to the petition for appeal.

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Rogers, a coal miner who was exposed to dust hazards for forty-one years, underwent pulmonary function studies at the Occupational Lung Center on October 3, 2000. The report indicated that he smoked five pipe-bowls of tobacco a day for thirty years, and that he quit smoking one year previously. The Occupational Pneumoconiosis Board ("OP Board") determined that he had 10% pulmonary impairment. By claims administrator's Order dated December 8, 2000, Mr. Rogers was awarded a 10% permanent partial disability award due to occupational pneumoconiosis. Following his award, Mr. Rogers returned to work in the mining industry and subsequently retired on December 31, 2016.

Attila Lenkey, M.D., with East Ohio Regional Hospital, evaluated Mr. Rogers on August 14, 2018. He concluded that Mr. Rogers had a twenty pack-year smoking history and that he quit smoking in 1999. Dr. Lenkey noted that he had a forty one year history in the mines as a mechanic, mechanical foreman, contract foreman, and fire boss. Upon examination, Dr. Lenkey found decreased breath sounds and very minimal rhonchi. In his final assessment, Dr. Lenkey wrote:

"Since that time, his PFT's have markedly worsened, now severe chronic obstructive pulmonary disease, I believe this certainly is suggested clinically because of his increased shortness of breath with exertion and doing minimal things. I believe that his progressive lung disease is directly attributable to longstanding coal dust exposure particularly with his return back into the coal mine. I believe he has 50% overall impairment, well up from his original 20% designation many years ago."

Dr. Lenkey opined that Mr. Rogers's pulmonary impairment was the direct result of his occupational dust exposure.

A chest x-ray taken on August 22, 2018, was negative for pneumoconiosis. On December 22, 2018, the claims administrator held the claim compensable pursuant to West Virginia Code § 23-4-1(b). However, the claims administrator determined that Mr. Rogers did not meet the nonmedical presumptive criteria outlined in West Virginia Code § 23-4-8c(b).[2] Mr. Rogers protested the claims administrator's decision.

Following an additional chest x-ray taken on February 5, 2019, that was negative for pneumoconiosis, Mr. Rogers underwent pulmonary function studies at the Occupational Lung Center on April 16, 2019. The pre-bronchodilator FVC was 72% predicted, and the post-bronchodilator FVC was 74% predicted.[3] The pre-bronchodilator FEV1 was 48% predicted, and the post-bronchodilator FEV1 was 48% predicted.[4] The pre-bronchodilator FEV1/FVC ratio was 48, and the post-bronchodilator FEV1/FVC ratio was 47.[5] Diffusion studies revealed a DLCO of 69% predicted and a DL/VA of 67% predicted.[6] It was noted that Mr. Rogers had a carboxyhemoglobin level of 1.7.

The OP Board evaluated Mr. Rogers on April 16, 2019. In its report, it was found that he had a 41-year history of exposure to the hazards of occupational pneumoconiosis while working as an underground coal miner. It was noted that he had been diagnosed with chronic obstructive pulmonary disease in 2017, he had a heart catherization in 2017, and he was diagnosed with hypertension in 2013. A physical examination revealed no rales or wheezing. A chest x-ray was

---

[2] West Virginia Code § 23-4-8c(b) states:

If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant or deceased employee has sustained a chronic respiratory disability, it shall be presumed that the claimant is suffering or the deceased employee was suffering at the time of his or her death from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive.

[3] FVC is the volume of air that can be forcefully exhaled from the lungs after a maximal inspiration. *See* West Virginia Code of State Rules § 85-20-52.9(d)(1).

[4] FEV1 is the volume of air that can be exhaled forcefully from the lungs in one second after a maximal inspiration. *See* West Virginia Code of State Rules § 85-20-52.9(d)(2).

[5] FEV1/FVC refers to the forced expiratory volume (timed) to forced expiratory volume, which is expressed as a percentage. *See* West Virginia Code of State Rules § 85-20-52.9(d)(4).

[6] DLCO is the carbon monoxide diffusion capacity of the lungs. *See* West Virginia Code of State Rules § 85-20-52.9(d)(14). DL/VA refers to the carbon monoxide diffusing capacity of the lungs per unit of alveolar volume. *See* West Virginia Code of State Rules § 85-20-52.9(d)(15).

interpreted as showing insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. The OP Board found substantial impairment, but concluded that he was fully compensated by his prior 10% pulmonary impairment award due to occupational pneumoconiosis. By claims administrator's Order dated May 29, 2019, Mr. Rogers was found fully compensated by his prior award of 10% permanent partial disability.

Mr. Rogers protested the claims administrator's Order finding him fully compensated by his prior award, and an OP Board hearing was held on September 18, 2019. Johnsey Leef, M.D., testified that chest x-rays showed no evidence of occupational pneumoconiosis. Jack Kinder, M.D., agreed with Dr. Leef's assessment regarding the chest x-ray. However, Dr. Kinder stated that the April 16, 2019, FEV1 spirometry showed total impairment but noted that he had a significant smoking history. The OP Board did not recommend an increase above the 10% impairment previously recommended because the claim was a non-presumptive claim.

A final hearing of the OP Board was held on September 30, 2020. Dr. Leef again testified that chest x-rays showed no evidence of occupational pneumoconiosis. Dr. Leef did state that there was some mild hyperinflation of the upper lobes, but otherwise, the lungs were clear and no other abnormalities were detected. Dr. Kinder testified that the prior 10% impairment was based on the presumptive status of the claim. However, the current claim is a non-presumptive claim. Dr. Kinder further stated that if this was a presumptive claim, Mr. Rogers would be entitled to an impairment rating greater than 10%. Without a positive x-ray or pathology, Dr. Kinder testified that the OP Board cannot make a recommendation greater than the prior 10% award. Bradley Henry, M.D., agreed with Dr. Kinder's and Dr. Leef's recommendations.

On appeal to the Office of Judges, Mr. Rogers argued that he was previously awarded a 10% permanent partial disability award in Claim Number 2000059784, and that he has a recognized impairment attributable to occupational pneumoconiosis, thereby establishing his entitlement to occupational pneumoconiosis benefits under West Virginia law. He argued that he returned to work in the mining industry in 2009, resulting in further exposure to a known occupational dust hazard. He worked in this known occupational dust hazard until December 31, 2016. As a result of additional exposure, Mr. Rogers argued that he experienced a substantial increase in pulmonary impairment. He asserted that the issue of compensability had already been litigated to finality, thereby making it a legal fact that he has occupational pneumoconiosis.

In a Final Decision dated November 12, 2020, the Office of Judges concluded that the OP Board was not clearly wrong when it determined that Mr. Rogers was fully compensated with a prior award of 10% permanent partial disability due to occupational pneumoconiosis. Because Mr. Rogers did not meet the presumptive non-medical requirements set forth in West Virginia Code § 23-4-8c(b), the Office of Judges found that the OP Board was not clearly wrong when it did not recommend additional impairment due to occupational pneumoconiosis. It was noted that x-ray evidence showed no evidence of occupational pneumoconiosis. As such, the Office of Judges affirmed the claims administrator's Order dated May 29, 2019. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision in an Order dated April 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. Although Mr. Rogers maintains that the issue of whether the current case is a presumptive or non-presumptive claim must be removed from the analysis because the claim was previously litigated to finality in the year 2000, he fails to recognize that the claim was truly litigated to finality. He voluntarily removed himself from the workplace, as well as removing himself from continuous exposure to the hazards of OP for ten years. When he returned to mining and filed a new claim he still had to meet the filing requirements of the statute. The OP Board testified that this is non-presumptive claim and without positive x-ray evidence, the Board could not recommend additional pulmonary impairment due to OP. Because the OP Board found that Mr. Rogers has been fully compensated by his prior award, the Board of Review did not err in affirming the decision of the Office of Judges.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn